# CUNNINGHAM *v.* TAYLOR.

---

MARRIED WOMEN; GRANTS; DEEDS; EQUITY; REFORMATION OF DEEDS; ESTOPPEL; LACHES.

1. *Quære,* whether the grant of an estate in fee to a trustee for the sole use and benefit forever of a married woman vests in her a life estate only. (Citing *Dengel* v. *Brown,* 1 App. D. C. 423.)

2. *It would seem* that a bill for the reformation of a deed so as to make it convey a fee, instead of a life estate, would have to be dismissed if it appeared that the deed in fact conveyed a fee. (Citing *Welden* v. *Stickney,* 1 App. D. C. 343.)

3. A decree reforming a deed of land to a trustee for the sole and separate use of a married woman, so as to show an express conveyance of the fee to the beneficiary, was *affirmed,* where it appeared, among other things, that the deed was given in consummation of a purchase of the land from the grantors for a sum largely in excess of the value of a life estate; that it was prepared by a non-skilled scrivener; that the beneficiary had subsequently acquired the legal title from the trustee, had made valuable improvements of the property, and afterwards sold part of it, with the knowledge of the grantors and their heirs, who made no claim to the reversion until after the death of the beneficiary, when a title examiner reported that only a life estate had been conveyed to her.

4. A bill by the heirs of the beneficiary under a deed for its reformation so as to show the grant of a fee, instead of a life estate, is not barred by laches, although the deed is nearly forty years old, where the land was in the possession of the beneficiary until her death, five years before the filing of the bill, and the complainants did not know and could not reasonably have known of the mistake in the

deed until objection was raised by an intending purchaser, where-
upon the suit was promptly commenced.

No. 2135.   Submitted October 13, 1910.   Decided November 1, 1910.

HEARING on an appeal by the defendants from a decree of
the Supreme Court of the District of Columbia sitting as a
court of equity, reforming a deed.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decree ordering the correction of
a deed.

The bill was filed July 24th, 1908, by the trustee James
H. Taylor, and Lemuel T. Ergood, and Anna May Ruppert,
an infant, devisees under the will of Susan Poulton, against
Lucy A. Cunningham and others, the heirs at law of George
M. and Catherine Nichols.   On November 19th, 1869, the
said Nichols conveyed a lot, of which the land in controversy
is a part, to William F. Poulton, trustee, for Susan Fitzgerald,
then the wife of Edward Fitzgerald.   It recites that in consid-
eration of $4,000 paid the grantors "have granted, bargained,
sold, alienated, enfeoffed, released, and conveyed, and do by
these presents bargain, sell, etc., to the said trustee, his heirs
and assigns forever, for the sole use, benefit, and behoof of
the said Susan Fitzgerald, and not subject to the control or
disposal of her husband, or liable for his debts," the said
land, which is described by lot number, and metes and bounds.
On May 19, 1881, the grantors made a new deed, similar in
terms, in order to correct a misdescription.   The habendum
clause of each deed reads as follows: "To have and to hold
the said piece or parcel of land unto the said party of the
second part, his heirs and assigns, as trustee as aforesaid, of
the said Susan Fitzgerald, to her sole use, benefit, and behoof
forever."   Susan Fitzgerald took possession and made valu-
able improvements, consisting not only of repairs, but of the
erection of a three-story brick dwelling on the rear part of the

lot facing C street, and the addition of a story to a one-story house facing Maryland avenue. The deeds were blank forms of ordinary deeds of bargain and sale, and the words indicating the conveyance in trust, etc., were written in. They were prepared by John T. C. Clark, a justice of the peace and notary public. He was not a lawyer or skilled conveyancer. He was the subscribing witness, and as notary took the acknowledgment of the grantors.

On May 31st, 1870, at the request of Susan Fitzgerald, Poulton, trustee, conveyed the lot to her in fee. This deed repeated the description in the first deed of Nichols to Poulton. On May 21, 1881, Poulton made a new deed, following the corrected description of the second deed of Nichols. Nichols and wife were present when this last deed was executed and delivered, and on the same day Clark, the Notary, certified their acknowledgment of their corrected deed, as well as that of Poulton to his corrected deed. The Nichols were frequently at the house of Susan Fitzgerald, and saw the improvements that were being made. They were never heard by anyone to claim the reversion of the land. October 27, 1890, Susan Fitzgerald conveyed the rear part of the lot fronting C street to Kate Seligman in fee simple, upon a consideration of $5,150. Catherine Nichols and her children were aware of this sale, and gave no notice of any claim of remaining interest. George M. Nichols died in 1885, Catherine in 1891. The proof is ample to show that the consideration of $4,000 paid to the Nichols for the lot was a high price for an absolute title in fee at the time; and that a life estate in the lots would have been worth not more than $500. Susan Fitzgerald afterwards married Poulton, the former trustee, and died testate September 7, 1903. Her will appointed James H. Taylor trustee for the benefit of her children, vesting the title in him for management and control and partition.

In July, 1907, Taylor filed a bill against the children to obtain a decree of partition. A decree was passed directing a public or private sale for the purpose of partition. A sale of the part of the lot in controversy was negotiated for $2,800

but the examiner of title for the purposed purchasers objected to the title on the ground that the conveyance from Nichols passed only a life estate to Susan Fitzgerald. This bill was then filed to obtain a correction of the conveyance on the ground of mutual mistake, resulting from the want of skill of the scrivener of the deed. The defendants filed a cross bill alleging that no mistake had been made in the deed, that only a life estate was intended to be conveyed, and praying a decree for possession, with an account for the rents and profits accruing from and after the death of the life tenant, Susan Poulton. Upon the facts before stated, briefly, the decree was entered, denying the cross bill and ordering the correction of the deed so as to show an express conveyance of the fee to Susan Fitzgerald.

*Mr. W. W. Millan* and *Mr. R. E. L. Smith* for the appellants.

*Mr. Percival M. Brown* and *Mr. Charles W. Clagett* for the appellees.

Mr. Chief Justice Shepard delivered the opinion of the Court:

We have heretofore held that a deed, quite like this one in terms, vested but a life estate in the married woman for whose separate use it had been made, notwithstanding the grant of an estate in fee simple to the trustee. *Dengel* v. *Brown,* 1 App. D. C. 423–427. The surrounding circumstances in that case were different from those shown here. The deed was executed by Sarah Moore, the mother of the beneficiary, who on April 3 of the same year, made a will devising the same land to the beneficiary in fee simple. As the action to recover the land was by the heirs of Sarah Moore against parties claiming title under the beneficiary and devisee, the construction of the deed was comparatively unimportant, for the failure to obtain the fee by the deed was cured by the devise.

It has been contended on behalf of the appellees that the deed under consideration, through some slight difference in terminology, and in the light of the surrounding circumstances, should be held as vesting the fee simple estate in Susan Fitzgerald. If this contention be well taken, there would be no occasion for the bill, and it would probably have to be dismissed for that reason alone. *Welden* v. *Stickney,* 1 App. D. C. 343–348. In that view, too, the bill should be one to remove cloud from title. The present bill is for an entirely different purpose. Accepting the conclusion that the deed, on its face, conveyed but a life estate, it prays its correction by the insertion of words expressly conveying the fee, upon the allegation that such was the purpose of both grantors and grantee, —a purpose that was thwarted by the mistake of the scrivener, which mistake was not discovered by either party until the attempted sale by the trustee for partition.

Assuming, without necessarily deciding, that the deed to Poulton, trustee, on its face creates but a life estate in the beneficiary, Susan Fitzgerald, we pass to the consideration of the facts and circumstances relied on to show mistake on the part of the scrivener. We are of the opinion that these are sufficient to support the decree for correction. Having been substantially set forth in the statement of the case, there is no occasion to repeat them. The object and circumstances of the purchase, the consideration paid, indicate quite clearly that the grantors intended to sell, and the grantee to purchase, the fee-simple estate. The subsequent conduct of the parties confirms this. The grantee made valuable improvements that would hardly have been made by a reasonably prudent person upon property held for life only. The grantors remained in the community, and were frequent visitors of Susan Fitzgerald. They saw the valuable improvements that she was making. Both were present when Poulton, trustee, made the conveyance of the legal estate to her in fee. One of them was living when Mrs. Fitzgerald sold part of the premises and conveyed the fee-simple estate therein. The scrivener, since deceased, was not a lawyer, and must have thought that the re-

citals of the deed were ample to pass the entire estate. The care with which he made the. grant to the trustee and his heirs for the separate use of the beneficiary forever indicates his intention. During all the years that intervened between the execution of the deed and their death, neither of the grantors ever intimated to anyone that they claimed the reversion of the estate. Their children were unaware of any such claim, and set up none until five years after the death of Mrs. Fitzgerald, when the purport of the deed was made known to them, as it was for the first time to the former trustee, Poulton, and the children of Mrs. Fitzgerald, by the objection raised to the title by the attorney of an intending purchaser.

The right to ask for a correction of the deed is not barred by laches of the appellees.

The possession was in their devisor until her death, and was succeeded to by them thereupon, without adverse claim or disturbance.

They did not know, and could not reasonably have known of the mistake in the deed until the objection was raised; and then they promptly filed their suit.

The decree is right, and will be affirmed, with costs.

*Affirmed.*